**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHARLES M. PORTER,**

        **Plaintiff,**

-vs-                                 **Case No. 6:05-cv-360-Orl-28KRS**

**VOLUSIA COUNTY CORRECTIONS,**
**OFFICER BENNETT, SGT. EDWARDS,**

        **Defendants.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

On March 8, 2005, Charles M. Porter, appearing *pro se*, filed a complaint against Volusia County Corrections, "Officer Bennett" and "Sergeant Edwards," doc. no. 1, along with a motion for leave to proceed *in forma pauperis*, doc. no. 2. Pursuant to 28 U.S.C. § 1915(e), the Court is required to consider whether Porter's complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.

**I.    STANDARD OF REVIEW.**

The United States Court of Appeals for the Eleventh Circuit applies the same standard applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6) to dismissals for failure to state a claim on which relief may be granted under section 1915(e)(2)(B)(ii). Under this standard, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the

Federal Rules require only that the complaint contain 'a short statement of the claim showing that the pleader is entitled to relief[.]'" *United States v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (quoting Fed. R. Civ. P. (8)(a)) (alteration in orginal).

In addition, it is well established that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Nevertheless, it is not the Court's duty to re-write a plaintiff's complaint so as to bring it into compliance with the Federal Rules of Civil Procedure. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[*P*]*ro se* litigant[s] must still meet minimal pleading standards).

## II.   ANALYSIS.

In his complaint Porter alleges that while he was incarcerated at a Volusia County Corrections facility the "defendants verbally assaulted [him] for asking for toilet tissue . . . [and] willfully and maliciously denied [him] supplies without having any probable cause." Doc. No. 1, at 1.[1] As a result, Porter alleges that he has suffered, among other things, humiliation, shock, mental anguish, and loss of capacity for enjoyment of life. *Id*. However, Porter fails to allege what rights under the Constitution, laws, or treaties of the United States have been violated by the defendants. In the section of his complaint entitled "Statement of Claim" Porter alleges that "[a] civil wrong was done to [him] whether it was intentional tort or personal tort the fact remains a cause of action exist." *Id*. at 9. This statement is insufficient to assert a cognizable claim within the jurisdiction of this Court.

---

[1] Porter is no longer incarcerated.

Accordingly, I recommend that the Court dismiss the complaint, and deny the motion to proceed *in forma pauperis*. I further recommend that the Court give Porter leave to file an amended complaint within eleven days following the Court's order dismissing the complaint, using the civil rights complaint form that will be delivered to Porter with this Report and Recommendation.

In amending his complaint, Porter must name as defendants only those persons who are responsible for the alleged constitutional or statutory violations. In addition, Porter shall provide the full name and current address for each defendant. Porter must state what rights under the Constitution, laws, or treaties of the United States have been violated in the section entitled "Statement of Claim." It is improper for Porter to merely list constitutional rights or federal rights. He must provide support in his statement of facts for the claimed violations.

Further, Porter should clearly describe <u>how each named defendant</u> is involved in the alleged constitutional or statutory violations in the body of the complaint in the section entitled "Statement of Facts." Porter should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. *Fullman v. Graddick*, 739 F.2d 553, 556-67 (11th Cir. 1984); *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between the defendant named and the injury allegedly sustained. *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976). One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of the plaintiff's constitutional rights or directed such action and/or omission that resulted in such deprivation. Finally, Porter must show

specifically how he has been damaged (how he was harmed or injured by the actions and/or omissions of the defendant(s)).

## III.   RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the complaint be dismissed, without prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915(e) and that the pending motion (doc. no. 2) be denied as moot. I further recommend that the Court permit Porter to file an amended complaint within (11) eleven days after its ruling on this Report and Recommendation, and that Porter be permitted to renew his motion to proceed without prepayment of fees if an amended complaint is filed.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 6, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge and Courtroom Deputy Clerk
Counsel of Record
Unrepresented Parties